FILED
97 NOV 17 PH 1:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

INA THOMPSON,   }
                }
    Plaintiff,  }
                }
    vs.         }   CIVIL ACTION NO.
                }
                }   CV-97-AR-0066-S
WAL-MART, INC. d/b/a SAM'S   }
CLUB,           }
                }
    Defendant.  }

ENTERED
NOV 1 7 1997

## MEMORANDUM OPINION

Plaintiff in the above-styled cause, Ina Thompson ("Thompson"), alleges that she was injured on December 17, 1994, at a store operated by defendant, Wal-Mart, Inc. d/b/a Sam's Club ("Wal-Mart"). According to Thompson, two Wal-Mart employees "pushed numerous shopping carts toward [her] in a reckless manner" and caused her to take evasive action and to hit her left knee on a door stand located in the entrance vestibule of the store in question. Cmplt. at ¶ 2. Wal-Mart has moved for summary judgment.

Along with a number of the other states, Alabama continues to classify those who enter onto the property of another as either a trespasser, licensee, or invitee. Within these three classes of visitors, the law affords invitees the greatest measure of protection. "[Invitees are] treated more favorably because of the generally important and usually business-related

13

purpose of their visit." Orr v. Turney, 535 So.2d 150, 151 (Ala. 1988). In the instant case, it is undisputed that Thompson was Wal-Mart's invitee on the occasion in question. The Supreme Court of Alabama has explained the duty owed to an invitee as follows:

> "[T]he storekeeper is not an insurer of the customers' safety but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. No presumption of negligence arises from the mere fact of injury to the customer. The burden rests on the plaintiff to show that the injury was proximately caused by the negligence of the storekeeper or one of its servants or employees."

Mills v. Bruno's, Inc., 641 So.2d 777, 779 (Ala. 1994) (quoting Cash v. Winn-Dixie Montgomery, Inc., 418 So.2d 874, 876 (Ala. 1982) (alteration in original).

In support of its contention that it is not liable as a matter of law, Wal-Mart advances two arguments. First, Wal-Mart says that it is undisputed that it maintained the store in question in a reasonably safe condition. Second, Wal-Mart argues that the record contains no evidence of active negligence on the part of its employees. Although the company's first argument has considerable merit, its second does not.

Thompson's deposition testimony suggests that two Wal-Mart employees were engaged in horseplay with shopping carts in close proximity to where Thompson was standing at the time of her alleged injury. Thompson's deposition testimony goes on to

2

suggest that this horseplay caused her to fear for her safety and to take the missteps that may have resulted in her alleged injury. Thompson Depo. at 44-53. As a result, Thompson's deposition testimony creates a genuine issue of material fact regarding possible negligence by Wal-Mart employees as the proximate cause of her alleged injury. Pursuant to Fed.R.Civ.P. 56(c), the existence of a genuine issue of material fact makes summary judgment inappropriate.

Accordingly, Wal-Mart's motion for summary judgment in the above-styled cause will be denied by separate order.

DONE this 17th day of November, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE